UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:98 CR 37 |
| | ) | |
| RALPH WAYNE ANGLE | ) | |

## OPINION and ORDER

This matter is before the court on defendant Ralph Wayne Angle's "Motion to Vacate Conviction Under 18 USC § 2422(b) For Lack Of Physical Contact As Explicitly Required By The Seventh Circuit's Post-Conviction Clarification Of Law In <u>United States v. Taylor</u>, 640 F3d 255 (7th Cir. 2011)" [sic]. (DE #355.) Defendant Angle raised this issue in a motion pursuant to 28 U.S.C. § 2255 which this court denied (DE #339), and in a motion for reconsideration which the court also denied. (DE #347.) On April 23, 2014, the Court of Appeals declined to issue a Certificate of Appealability, (Appeal No. 13-3567), and on June 23, 2014, it denied Angle's petition for rehearing *en banc*. On October 20, 2014, the Supreme Court denied *certiorari*. – U.S. –, 2014 WL 4647417.

Although Angle's present motion is styled as a motion to vacate his conviction, without citation to the rule or statute Angle relies on for the court's authority to do so, that omission doesn't matter: the motion is a request for relief under § 2255. The caption that Angle put on it is immaterial, it is the substance of the motion that controls how his request for relief shall be treated. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007); *United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005). Any post-judgment

motion in a criminal case that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of § 2255 should be treated as a § 2255 motion. *United States v. Evans,* 224 F.3d 670, 672 (7th Cir. 2000); *see also Lloyd,* 398 F.3d at 980. Section 2255's first paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected if it was "imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). This fits Angle's claim precisely, and so his motion must be treated as a request for relief pursuant to § 2255.

Because Angle's most recent filing is a request for § 2255 relief, it is subject to the requirement that second or successive motions under the statute must be authorized by the Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Unless and until Angle seeks and obtains authorization from the Court of Appeals to file such a motion, this court is without jurisdiction to entertain his request. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Angle has not shown the court that he obtained authorization.

Accordingly, the Clerk is directed to: (1) docket Angle's motion (DE # 355) as a new (successive and second) § 2255 proceeding; and (2) immediately **ENTER FINAL JUDGMENT** in that proceeding stating that it is **DISMISSED FOR WANT OF JURISDICTION.** For the reasons given herein, Angle has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

**SO ORDERED.**

Date: November 12, 2014

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT